UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

CHRISTIAN GONZALEZ,

                Defendant.

23-CV-2026 (RMB)

21-CR-0262 (RMB)

ORDER

---

**I. Background**

On or about March 6, 2023, Christian Gonzalez ("Gonzalez") filed a *pro se* motion pursuant to 28 U.S.C. § 2255 ("Motion") seeking to "correct" his July 20, 2022 sentence of 84 months of incarceration and five years of supervised release. *See* Mot. at 1.

An indictment filed on April 21, 2021 charged Gonzalez with conspiracy to commit 22 Hobbs Act robberies, aiding and abetting a Hobbs Act robbery, and attempted Hobbs Act robbery. *See* Indictment (ECF No. 2). Gonzalez pled guilty on April 7, 2022, pursuant to a plea agreement, to a Superseding Information charging him with one count of using, carrying, possession and brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). *See* Hr'g Tr., dated Apr. 7, 2022 at 8 (ECF No. 70). The plea agreement Gonzalez entered into, dated February 24, 2022, included, among other things, a waiver of appeal and a waiver of his right to collaterally challenge his conviction. *See* Hr'g Tr., dated Apr. 7, 2022 at 20-21. Gonzalez was represented at all times during his plea and sentencing by CJA counsel Glenn A. Garber, Esq. ("Garber").

Gonzalez's Motion contends that Garber provided ineffective assistance of counsel in three respects: (1) by failing to file a notice of appeal; (2) by not informing Gonzalez that it "violates

1

the Federal Constitution's Sixth Amendment" for him to have been convicted of "a crime [] which the Grand Jury surely passed on to indict"; and (3) by not informing Gonzalez that "brandishing" was required to "be provided [sic] by a jury, beyond a reasonable doubt, [n]ot by a [p]reponderance of the [e]vidence." *See* Mot. at 2-5 (internal quotation marks omitted).

On or about November 22, 2023, Garber responded to Gonzalez's Motion by filing a Declaration, dated November 22, 2023, "to address allegations of ineffective assistance of counsel raised in [Gonzalez's] *pro se* petition." Decl. dated Nov. 22, 2023, at 1 (ECF No. 149). Garber stated, among other things, that he "advised [Gonzalez] that filing a notice of appeal was unnecessary because [Gonzalez's] sentence triggered the appellate waiver, and [Gonzalez] acknowledged [this] point." *Id.* at 3-4. Garber also stated that "it was important to negotiate a deal that limited [Gonzalez's] exposure and . . . curtailed the Court's [sentencing] discretion." *Id.* at 2-3. Garber "settled on a brandishing charge with the 84-month (7-year) sentence," *id.* at 3-4, and "thoroughly explained to [] Gonzalez the strategy underlying the plea agreement, both in person at the Essex County Jail where he was held and by telephone. [Gonzalez] stated his agreement with the advice." *Id.* at 4.

On December 18, 2023, the Government filed its opposition to the Motion contending, among other things, that: (1) Gonzalez "did not receive ineffective assistance of counsel because . . . Gonzalez did not file an affidavit or even argue in his Motion that he directed his lawyer to file an appeal"; Garber "expressly consulted Gonzalez about whether he could appeal his sentence"; and, Garber "was not mistaken in advising [Gonzalez] that any appeal would be barred by an appellate waiver"; (2) Gonzalez "presents no evidence that the grand jury was presented with the Section 924(c) charge he pleaded guilty to and refused to indict him"; and (3) Gonzalez waived

his right to "have a jury find each element of the offense beyond a reasonable doubt" by pleading guilty. Respondent's Br., dated Dec. 18, 2023 at 10-13.

Gonzalez has not filed a reply.

**For the reasons stated below, the Motion is denied.[1]**

## II. Legal Standard

Where, as here, the movant is proceeding *pro se*, the Court construes the movant's claims liberally, *see Marmolejo v. United States*, 196 F.3d 377, 378 (2d Cir. 1999), and will "interpret them to raise the strongest arguments that they suggest," *Burgos v. Hopkins*, 13 F.3d 787, 790 (2d Cir. 1994).

Claims alleging ineffective assistance of counsel are evaluated under the two-prong test set out in *Strickland v. Washington*, 466 U.S. 668 (1984), namely whether counsel's performance "fell below an objective standard of reasonableness" and whether there was a "reasonable probability that, but for counsel's unprofessional errors, the result would have been different." *Strickland*, 466 U.S. at 694. There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

Where a claim of ineffective assistance is based upon trial counsel's failure to file a notice of appeal, "the usual *Strickland* analysis turns on the specific interactions between the lawyer and the defendant." *Thomas v. United States*, 93 F.4th 62, 65 (2d Cir. 2024).

The right to be indicted by a grand jury may be waived and "[s]uch waivers are not unusual, especially in connection with plea agreements." *Matthews*, 622 F.3d at 101.

---

[1] **Any issues or arguments raised by the movant but not specifically addressed in this Order have been considered by the Court and rejected.**

3

Where a defendant has entered a guilty plea, that plea generally constitutes "an admission of all the elements of [the] formal criminal charge." *McCarthy v. United States*, 394 U.S. 459, 466 (1969).

### III. Analysis

Gonzalez's ineffective assistance of counsel claims are without merit. *See Strickland*, 466 U.S. at 692.

**(1) Notice of Appeal**

Movant was not denied effective assistance of counsel for at least three reasons. First, "Gonzalez did not file an affidavit or even argue in his Motion that he directed his lawyer to file an appeal." Respondent's Br. At 10. Second, Garber states that he "expressly consulted Gonzalez about whether [Gonzalez] could appeal his sentence" and Garber told Gonzalez that "filing a notice of appeal was unnecessary because the sentence triggered the appellate waiver." *See* Decl. at 4. Gonzalez has not presented any factual allegations disputing Garber's Declaration. *See* Respondent's Br. at 10. Third, Garber "was not mistaken in advising [Gonzalez] that any appeal would be barred by an appellate waiver." *Id.; see United States v. Djelevic*, 161 F.3d 104, 106 (2d Cir. 1998) ("It is . . . well-settled that a defendant's knowing and voluntary right to appeal a sentence within an agreed upon guideline range is enforceable.").

The Court questioned Gonzalez extensively during the guilty plea about whether he understood the appellate rights he was giving up, and Gonzalez explicitly acknowledged that he understood he was waiving his right to appeal any sentence at or below 84 months' incarceration:

> **Court:** Here [are] some other provisions [of the plea agreement] that we need to discuss, Christian. They have to do with appeals. In the plea agreement, you have waived your right to appeal under certain circumstances. In particular, you agree in the plea agreement that you will not file a direct appeal. You also agree that you would not bring what's called a collateral challenge, which refers in particular to Title 28 United States Code §2255 and/or 2241, which are so-called habeas

4

provisions. Those rights you are giving up if the sentence I impose is within or below the stipulated guidelines range of 84 months of imprisonment. In other words, if I sentence you to seven years or 84 months of imprisonment or less than that, then you would be giving up your rights to appeal. Do you understand that?

**Defendant:** Yes, your Honor. I do.

Hr'g Tr., dated Apr. 7, 2022 at 20-21; *see United States v. Monzon*, 359 F.3d 110, 116-17 (2d Cir. 2004) (defendants should not be permitted to "escape the fairly bargained-for consequences of [their] agreement with the government [and] 'render the plea bargaining process and the resulting agreement meaningless'").

The Court explained the waiver of appeal again at Gonzalez's sentencing:

**Court:** Mr. Gonzalez, to the extent that you have not already waived your appeal rights—and now, of course, I'm talking about the February 24, 2022 plea agreement. In that agreement you agreed to the following with respect to appeals: You said that you would not . . . file a direct appeal, nor would you bring a collateral challenge . . . of any sentence at or below the stipulated guideline range of 84 months of incarceration. So, what that means is that you have waived the right to a direct appeal or these habeas challenges because the sentence is the same as the stipulated guideline range of 84 months of incarceration. You also agreed not to appeal or bring a collateral challenge of any restitution amount that is less than or equal to $11,173.

Hr'g Tr., dated Jul. 20, 2022 at 20-21.

Gonzalez's claim is "comprised solely [of] conclusory allegations contradicted by the court's questioning of him" and by his trial counsel's Declaration. *See United States v. Fleurimont*, 401 Fed. Appx. 580, 582 (2d Cir. 2010).

### (2) Grand Jury

Gonzalez cannot show that Garber was ineffective for failing to inform Gonzalez that a grand jury had been presented with and refused to indict him on the charge to which he pled guilty. Gonzalez "presents no evidence that the grand jury was presented with the Section 924(c) charge . . . and refused to indict him." Respondent's Br. at 11. At his guilty plea, Gonzalez also waived

5

his right to be indicted and allowed the Government to proceed via a superseding information. *See* Hr'g Tr., dated Apr. 7, 2022 at 8 (ECF No. 70); *Matthews v. United States*, 622 F.3d 99, 103 (2d Cir. 2010) (right to grand jury indictment can be waived). The Court questioned Gonzalez extensively about his waiver during the guilty plea colloquy, and Gonzalez confirmed that he was knowingly waiving his right to a grand jury indictment:

> **Court:** [W]e are proceeding . . . by an information and there has been a waiver of indictment in this case. Are you, Mr. Gonzalez, and counsel waiving an indictment in this case?
>
> **Garber:** Yes, we are.
>
> **Gonzalez:** Yes, we are, your honor.
>
> **Court:** Thank you both. Mr. Gonzalez, since you have offered to plead guilty to a count that's in the information, you understand that you had the right to have your case and the evidence presented to a grand jury and to have those grand jurors decide whether there was probable cause that you should be charged, and further that, by signing the waiver of indictment . . . you gave up that right and permitted the government to file the information based solely on the signature of the United States attorney. Is that your understanding?
>
> **Gonzalez:** Yes, your Honor. I'm very aware of that.

*See* Hr'g Tr., dated Apr. 7, 2022 at 8 (ECF No. 70); *see also United States v. Williams*, 504 U.S. 36, 49 (1992) ("The Double Jeopardy Clause of the Fifth Amendment does not bar a grand jury from returning an indictment when a prior grand jury has refused to do so.").

### (3) Brandishing

Garber did not provide ineffective assistance because: "While Gonzalez could have stood on his right to have a jury find each element of the offense beyond a reasonable doubt, he *waived* his right to have a jury make that finding by deciding to plead guilty." *Id.* (emphasis in original). When Gonzalez "pled guilty to the . . . charge, [he] necessarily admitted the elements of the

offense." *United States v. Lynch*, 518 F.3d 164, 168-69 (2d Cir. 2008). Gonzalez acknowledged that he was waiving his right to a jury trial during his guilty plea colloquy:

> **Court:** [Y]ou understand you have the right to plead not guilty, if you wish?
>
> **Gonzalez:** Yes, your honor.
>
> **Court:** And that under the Constitution and laws of the United States, you could and you are entitled to a . . . speedy and public trial by a jury on the charges set forth in the information, you realize that?
>
> **Gonzalez:** Yes, your Honor.
>
> **Court:** And if you decide to have that trial, you would be presumed to be innocent, the government would have to prove that you were guilty by competent evidence and beyond a reasonable doubt on the charges contained in the information before you could be found guilty and a jury would have to agree unanimously that you were guilty of those charges in the information and you would not have to prove that you were innocent. Do you understand those rights?
>
> **Gonzalez:** Yes, I do understand, you Honor.

Hr'g tr., dated Apr. 7, 2022 at 9.

## IV. Conclusion & Order

For the reasons stated herein, Gonzalez's Motion is denied. The Court does not recommend that a certificate of appealability be issued in this case. *See* 28 U.S.C. § 2253(c); *see also United States v. Perez*, 129 F.3d 255, 259-60 (2d Cir. 1997).

The Clerk of Court is respectfully requested to close this case. (ECF No. 124).

Richard M. Berman<br>
United States District Judge

Dated: May 21, 2024
New York, New York

Copies Mailed By Chambers